1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **DEMOND MAURICE MIMMS,** | ) | **1:06-cv-0923-AWI WMW HC** |
| | ) | |
| **Petitioner,** | ) | **ORDER DECLINING TO** |
| | ) | **ISSUE CERTIFICATE OF** |
| **vs**. | ) | **APPEALABILITY** |
| | ) | |
| | ) | [Doc. 6] |
| **GEORGE GALAZA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Judgment was entered in this case on July 26, 2007.

On August 7, 2007, Petitioner filed a notice of appeal.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Although no express request was made for a certificate of appealability, Petitioner's notice of appeal is deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district

judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a habeas corpus petition on procedural grounds, as the court did in this action,  a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  In the present case, the court dismissed this action for Petitioner's failure to comply or otherwise address this court's order requiring Petitioner to provide a completed application to proceed in forma pauperis. Reasonable jurists would not disagree that Petitioner was required to comply with the court's order.  See Maness v. Meyers, 419 U.S. 449, 458-59 (1975).   In addition, reasonable jurists would not find it debatable that Petitioner has failed to carry his burden of making a substantial showing of the denial of a constitutional right.

Accordingly, the court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 31, 2007**                           **/s/ Anthony W. Ishii**
                                                                          UNITED STATES DISTRICT JUDGE

2