1

2 **FILED**

3

4 MAY X 4 2009

5 RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 FRESNO DIVISION

11

12 Demond MIMMS,                              Case No 1-6-cv-923-VRW-HC

13         Petitioner,                        ORDER DENYING PETITION FOR
                                              WRIT OF HABEAS CORPUS
14                           v

15 Derral G ADAMS, Warden of
   California State Prison at
16 Corcoran,

17         Respondent.

18

19         Petitioner Demond Mimms, a prisoner incarcerated at

20 California State Prison in Corcoran, California, seeks a writ of

21 habeas corpus pursuant to 28 USC § 2254.  In his petition, he

22 challenges the validity of his conviction for aggravated battery

23 by gassing.

24

25                            I

26         Petitioner was convicted of violating California Penal

27 Code § 4501.1, which provides in relevant part:  "Every person

28 confined in the state prison who commits a battery by gassing

Case No 1-6-cv-923-VRW-HC (ED Cal)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)

1 upon the person of any peace officer . . . or employee of the
2 state prison is guilty of aggravated battery. . . ." Cal Penal
3 Code § 4501.1(a). For purposes of this section, the Penal Code
4 specifies that:

5      A person is deemed confined in a "state
      prison" if he is confined in any of the
6      prisons and institutions specified in Section
      5003 by order made pursuant to law,
7      including, but not limited to, commitments to
      the Department of Corrections [and
8      Rehabilitation], regardless of the purpose of
      such confinement and regardless of the
9      validity of the order directing such
      confinement, until a judgment of a competent
10     court setting aside such order becomes final.

11 Cal. Penal Code § 4504(a).

12        Petitioner's conviction was affirmed by the court of
13 appeal. The state supreme court denied the petition for review
14 without comment. Petitioner submitted to the state courts at
15 least three habeas applications that are relevant to the present
16 matter, all of which were denied without any discussion of the
17 merits of petitioner's claims.[1]

18        As in his state habeas petitions, Petitioner claims in
19

20    [1]Petitioner states that he also filed a related habeas petition
in the state trial court that was never addressed. The state supreme
21 court denied the first state petition with citations to cases,
including Ex parte Dixon, 264 P2d 513 (Cal 1953), that indicate that
22 the claims therein were determined to be procedurally barred as
pretermitted. Respondent contends that the claims are therefore
23 procedurally defaulted in federal court. However, the Dixon bar has
been found to be inadequate to support a state-court judgment in
24 federal court because the state has not established that the Dixon bar
is applied consistently. Dennis v Brown, 361 F Supp 2d 1124 (ND Cal
25 2005). The reasoning in Dennis remains valid; accordingly, the Dixon
bar is inadequate to support a state criminal conviction on federal
26 habeas review. Indeed, the Dixon bar has been applied inconsistently
even just in connection with the present matter, as it was applied to
27 the claims in the first petition but illogically not to the same
28 claims in subsequent petitions.

2

1 his federal amended habeas petition that his incarceration at the
2 time of the gassing incident in 2004 was unlawful because he had
3 completed his prior prison sentence in 1997, yet the prison
4 authorities were continuing to hold him despite the lack of any
5 "order made pursuant to law" — even an invalid order — to do so.
6 Petitioner argues that he therefore does not meet the definition
7 of a "person confined in the state prison" required for a
8 conviction for aggravated battery by gassing to be valid without
9 violating constitutional principles of due process.

10       As petitioner acknowledges, in 1994, petitioner was
11 sentenced to five years in prison upon being convicted of
12 robbery.  Petitioner further admits that he committed two other
13 felonies in 1997 and 1998.  In 1997, petitioner was sentenced to
14 eight additional years in prison to be served consecutively to
15 his sentence for robbery.  Thus, at the time of the gassing
16 incident, petitioner was lawfully imprisoned with a release date
17 in 2007.

18       In short, petitioner was incarcerated "by order made
19 pursuant to law" in 2004 and therefore was a "person confined in
20 state prison" for purposes of the statute under which he was
21 convicted.  Petitioner's claim to the contrary is factually
22 incorrect.  Accordingly, petitioner's conviction for aggravated
23 battery by gassing is valid and does not violate constitutional
24 principles of due process.

25
26                               II
27       Accordingly, and good cause appearing therefor, the
28 court hereby denies petitioner's petition for a writ of habeas

3

1  corpus.  The clerk shall enter judgment in favor of respondent,

2  terminate all motions and close the file.

3        It is so ordered.

4

5

6                          _____
                           VAUGHN R WALKER
7                          United States District Chief Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28